## Matter of Wohl v Rockland County Republican Comm.

2024 NY Slip Op 33420(U)

October 1, 2024

Supreme Court, Rockland County

Docket Number: Index No. 035617/2024

Judge: Keith J. Cornell

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------------------------- X
In the Matter of the Application of

LAUREN MARIE WOHL, JON P. VALENTINO,
AIDAN ROWAN and JAMES FOLEY,

                          Petitioners,

        -against-

ROCKLAND COUNTY REPUBLICAN
COMMITTEE,

                         Respondent.
-------------------------------------------------------------------- X

**DECISION & ORDER**

Index No.: 035617/2024
(Motion # 1 & 2)

**Hon. Keith J. Cornell, A.J.S.C.**

Before the Court is the Petition of the above captioned petitioners seeking certain injunctive relief pursuant to CPLR 6301 and a declaratory judgment pursuant to CPLR 3001. Respondent opposes the petition and has moved to dismiss the Petition. This Court granted a temporary restraining order enjoining the Respondent from noticing and holding its organizational meeting pursuant to Election Law 2-112, pending a hearing and resolution of the Petition (NYSCEF 6).

The following have been read and considered: NYSCEF Doc Nos. 1-13.

<u>THE PETITION AND ITS ALLEGATIONS</u>

In this proceeding there are four named petitioners, two of whom, Lauren Marie Wohl ("Wohl") and Jon P. Valentino ("Valentino") are referred to as "Petitioner-Aggrieved Candidate". Wohl is the elected Town Clerk of the Town of Clarkstown, a member of the Republican Party and a member of the Rockland County Republican Committee (the "Committee" or "Respondent"). Valentino is an elected Town Councilman of the Town of Clarkstown and a member of the Republican Party. Petitioners Aidan Rowan and James Foley are members of the Republican Party and the Committee.

The Petition alleges that Respondent has violated Election Law §2-112 by placing hurdles for members of the Committee to lawfully select the members of the executive committee. It alleges that Election Law §2-112(1) states that "[e]very committee shall meet and organize by electing a chairman, a secretary, a treasurer and such other officers as they may pursuant to their

rules." According to the Petition, the only limitation on who can serve as officers is the requirement that they must be "enrolled members of the party but need not be members of such committees" (Election Law 2-112(2)).

The Petition further alleges that the Respondent has improperly limited the pool of eligible nominees for party officers by the adoption of Article 11, Section 12 (L) of its Bylaws (the "Challenged Bylaw") which prohibits elected officials from serving on the executive committee (NYSCEF Doc. # 2).

The Petition argues that the Challenged Bylaw violates the Election Law and that it can be used to prevent Petitioners from being nominated and eligible to hold a Committee leadership position. Presumably, the Petition only intended to refer to Wohl and Valentino who are elected officials. Petitioners seek injunctive relief preventing the application of the Challenged Bylaw and a declaration that that Challenged Bylaw violates Election Law 2-112(b) by prohibiting an elected official from serving as an officer of the Committee and declaring it null and void.

RESPONDENT'S MOTION TO DISMISS

Respondent moved to dismiss the Petition (NYSCEF #11). Respondent argues that the Petition is not ripe for judicial review because there is no justiciable controversy. Respondent argues that despite two of the Petitioners being characterized as "aggrieved", they have not actually alleged being aggrieved by the Challenged Bylaw. Responded argues further that the Petition only alleges the theoretical possibility of two of the petitioners being affected (aggrieved) by the Challenged Bylaw if they were to seek to be elected to a party leadership position in the future, but that they have not claimed that they, in fact, seek such positions.

In addition to the position that the matter is not ripe for review, the Respondent argues that the Challenged Bylaw is not violative of the Election Law.

DISCUSSION

The matter came on before this Court on September 27, 2024, at which time counsel for each party appeared and offered oral argument supporting their respective positions and to aid the Court in its examination of the issues presented. The Court reserved decision and indicated it

[* 2]

wished to review all the submissions and issue a prompt written decision, considering the time sensitivity associated with the timetable for party organization pursuant to the Election Law.

Before the Court may address the merits of the question presented -whether the Challenged Bylaw violates the Election Law, the Court must examine whether a justiciable controversy exists. Respondent argues that the Petitioners have not alleged any actual injury and that they only complain about the Challenged Bylaw in the abstract. The Petition includes the following pertinent allegations:

1)   20. However, as written, the Illegal Rule can be used to prevent Petitioners from being nominated and eligible to hold a party leadership position.

2)   26. As described above, Petitioners are likely to succeed on the merits. The injury to Petitioners is immediate and irreparable. They will be unable to run for party leadership and an illegitimate executive board may be elected due to the Illegal Rule.

These are the two substantive allegations in the Petition addressing "aggrievement". A party must be aggrieved to achieve standing to sue and, absent standing, the party has not alleged a justiciable controversy. The "aggrievement" allegations do not reflect any actual harm that has occurred, but only a possible or theoretical one that may occur in the future. The Petitioners do not allege that one of more of them have sought to run for the position of a party officer and been barred from doing so. Further, the Petitioners do not allege that one or more of them plan to seek a party office and have been advised that they are ineligible to do so.

Perhaps the Petitioners believe that if Wohl and/or Valentino were to attend the Committee's organizational meeting and seek to be nominated and stand for election as an officer, they would be prevented from doing so. Perhaps they are right. But the "aggrievement" allegations of the Petition are peculiarly devoid of specifics. The Court is left wondering why, if there is a genuine desire and intention to run for a party office, that is not alleged.

The Petitioners claim that the Challenged Bylaw is illegal and could be used to deprive them of the opportunity to run for a party office. However, given that no organizational meeting has been announced and there have been no official proceedings of the Committee, the Petitioners cannot show that there is any harm which has ripened into a justiciable controversy. It is entirely possible that one may occur soon, but the declaratory judgment mechanism of CPLR 3001 requires

3

the present existence of a justiciable controversy. That requirement is what distinguishes a declaratory judgment from a mere advisory opinion.

Here, Petitioners seek to invalidate the Challenged Bylaw, but do not allege an actual desire and intention to seek a party office. It is not for the Court to speculate as to why the Petitioners chose to craft the Petition just so, nor should the Court "fill in the blanks" of the allegations to find the existence of a justiciable controversy. The Petitioners could have articulated that Wohl and/or Valentino intend to seek party offices and seek a declaration that they are eligible to run and that the Challenged Bylaw should be declared illegal and unenforceable. They did not.

The Petitioners, in addressing both the merits of their claim and their entitlement to sue prospectively rely upon Terenzi v. Westchester County Committee of the Conservative Party of the State of New York, 171 Misc. 2d 93, for the proposition that they have standing now without having to wait because if they await the Committee's organizational meeting they would have no effective intraparty mechanism to seek a Bylaw change in advance of the election of officers. Therefore, they argue that there is an imminent deprivation of their rights which requires judicial intervention. Petitioners argue that, as in Terenzi, committee rules "which strike at the heart of the party membership's right to representation of their choice are invalid and should not be subject to whether the incoming County Committee votes to repeal." (Terenzi, supra). Petitioners argue that, similarly, they should not have to appear at an organizational meeting only to attempt a Bylaw repeal if that provision is patently illegal and that they should be able to obtain an advance determination as to its illegality. This position is well-taken.

Here, however, the Petitioners who could be affected by the Challenged Bylaw have not established that they are candidates for the party offices. While it is implied in the petition, it is noticeably not articulated. The Court, in reading the allegations, can find no nexus between the Wohl and Valentino allegations and any actual harm, either present or imminent. To do so, the Court would have to engraft additional allegations onto the Petition, which would be wholly improper.

The Second Department's decision in Premier Restorations of New York Corp. v. New York State Dept. of Motor Vehicles, 127 A.D.3d 1049, 5 N.Y.S.3d 888 (2d Dep't 2015), highlights the point and demonstrates how a plaintiff's description of alleged damages can provide insight to a court as to whether there is an actual controversy. In Premier Restorations, plaintiff commenced a

4

[* 4]

declaratory judgment action and pleaded "a hypothetical injury which would be contingent upon the occurrence of events which may or may not come to pass at some point in the future." The court held that this amounted to a request for an advisory opinion and affirmed the order granting defendant's motion to dismiss the complaint.

While the Petition's allegations come close to alleging a justiciable controversy such as the one raised in Terenzi, the failure to specifically allege that Wohl and/or Valentino do, indeed, seek party offices is odd and striking. On a motion to dismiss, the courts read pleadings liberally and with forgiveness, giving the non-moving party the benefit of all reasonable inferences. Here, in determining whether there is a justiciable controversy, however, the analysis is different. The Court is not making any determination that the allegations are insufficient as to the merits of the claim that the Challenged Bylaw violates the Election Law, but merely that the Petition does not allege that Wohl and/or Valentino will be affected by the Challenged Bylaw so as to confer standing.

Based upon the foregoing, the Court can find no justiciable controversy that is ripe for judicial review. If indeed Wohl and/or Valentino do seek party offices, they will have certain remedies available to them, including the possibility of the ability to affect a rules change or seek judicial intervention at that time.[1]

---

[1] Interestingly, while the Election Law does establish the requirement for the post-primary organizational meeting, the Committee's Bylaws provide for its meeting to follow a certain protocol, including the adoption of rules before the election of officers in Article II, Section 9 (Meetings) (NYSCEF #2). The order of business, by providing for possible action on rule changes before the election of officers, may allow for the repeal of the Challenged Bylaw prior to the election of officers. While Article IV of the Bylaws provides certain criteria for the presentation of Bylaw amendments and the Election Law requires the filing of amendments before they are effective, it may be feasible for the incoming committee members to address rules changes before the officer elections. In theory, if the requisite number of committee members petition for a rules change, that could happen at the organizational meeting. The requirement that committee rules be filed with the Board of Elections before they are effective may pose a logistical challenge to a rules change taking effect at the organizational meeting, unless the meeting is adjourned briefly to allow for the requisite filing. Of course, once justiciability is established, a proper petitioner should have access to judicial redress, without the necessity to pursue a rules change in a case where a rule is challenged as contrary to law.

Therefore it is

ORDERED, that Respondent's motion to dismiss the Petition is hereby GRANTED and the Petition is dismissed; and it is further

ORDERED, that the preliminary restraining order contained in the September 10, 2024, Order to Show Cause (NYSCEF # 6) is hereby vacated.

Dated: October 1, 2024
      New City, New York

                                  HON. KEITH J. CORNELL
                                  Acting Justice of the Supreme Court

To: All Counsel via NYSCEF